The order below is hereby signed.

Signed: February 24, 2006.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
PAUL NEAL, JR.,                )   Case No. 05-01676
                               )   (Chapter 7)
          Debtor.              )
```

ORDER DENYING MOTION TO AVOID LIEN

The debtor has moved to avoid a lien held by State Department Financial Credit Union (the "Credit Union") on the debtor's 1993 Lexus SC 400 automobile.  The debtor presents no actionable grounds for the relief requested in his motion, and the court can see no reason to give the debtor title to his car free and clear of the lien held by the Credit Union when the debtor has stated repeatedly that he will surrender his car to the Credit Union due to his admitted delinquency on the note securing the automobile.  The court will deny the debtor's motion.

The Credit Union requests an award of costs and attorney's fees as a form of sanctions due to the debtor's "bad faith" in

filing the instant motion (Opp. ¶ 7).[1]  Ordinarily, "[b]ankruptcy law is loath to award attorney's fees absent some basis in statute or contract."  Seimer v. Nangle (In re Nangle), 281 B.R. 654, 658 (B.A.P. 8th Cir. 2002).  "Congress has created attorney's fees provisions in the Bankruptcy Code in limited instances, such as sections 362(h) and 506(b), and certainly under section 330 for professionals employed under sections 327 or 328."  Northwestern Corp. v. Magten Asset Mgmt. Corp. (In re Northwestern Corp.), 326 B.R. 519, 524 (Bankr. D. Del. 2005).

Aside from these few statutory exceptions, "where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party."  Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149, 1153 (9th Cir. 1991).  "The bad faith exception permits an award upon a showing that the claim is entirely without color and has been asserted wantonly for purposes of harassment or delay, or for other improper purpose."  Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985)

---

[1] The Credit Union has submitted a proposed order that would direct the debtor to surrender the automobile at issue to the Credit Union within fifteen days of the entry of the order. The court declines to grant such relief, as the Credit Union has not yet filed a motion requesting relief from the automatic stay imposed by 11 U.S.C. § 362 and there are better mechanisms in place for enforcing such relief in the applicable state or local court with jurisdiction over the parties' dispute.

(internal quotation omitted).  "Neither meritlessness alone, . . . nor improper motives alone, . . . will suffice." Id. (internal citations omitted).

Given the exacting standards for awarding attorney's fees, the Credit Union's conclusory assertion that the debtor's motion was filed in "bad faith" must be rejected.  There is no evidence before the court to suggest that the debtor has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in filing his motion.  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (citations omitted).  Indeed, there is no evidence regarding the debtor's intentions in this matter at all due to the Credit Union's failure to follow the procedure for sanctions outlined in Rule 9011 of the Federal Rules of Bankruptcy Procedure.  See FED. R. BANKR. P. 9011(c).  Accordingly, it is

ORDERED that the debtor's Motion to Avoid Lien (D.E. No. 26, filed January 5, 2006) is DENIED; and it is further

ORDERED that the request for costs and attorney's fees made by the State Department Federal Credit Union in its Opposition to Motion to Avoid Lien (D.E. No. 38, filed February 17, 2006) is DENIED.

[Signed and dated above.]

Copies to: Debtor; debtor's counsel; counsel for the State Department Federal Credit Union